920 P.2d 18

**In the Matter of the Appeal in COCON-INO COUNTY MENTAL HEALTH No. MH 95–0074.**

**No. 1 CA–MH 95–0001.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 20, 1996.

As Amended Feb. 22, 1996.

Terence C. Hance, Coconino County Attorney by Richard S. Vihel, Deputy County Attorney, Flagstaff, for Appellee State of Arizona.

H. Allen Gerhardt, Coconino County Public Defender by Sandra L. Jenney, Deputy Public Defender, Flagstaff, for Appellant.

## OPINION

EHRLICH, Judge.

K.B.[1] appeals from the trial court's finding that she is persistently or acutely disabled and its order that she undergo inpatient treatment. For the reasons which follow, we vacate the order for treatment. *See* Ariz. Rev.Stat.Ann. ("A.R.S.") § 36–540(A).

### FACTS AND PROCEDURAL HISTORY

K.B. was arrested for trespassing on August 6, 1995, and held in the Coconino County Jail. Subsequently, an application for involuntary evaluation, *see* A.R.S. § 36–520, and a resultant petition for evaluation, *see* § 36–523, were submitted to the superior court. On August 14, 1995, the court issued an order for custodial evaluation. *See* § 36–529(B). The following day, Mark Giesecke, M.D., of The Guidance Center, filed a petition for court-ordered treatment pursuant to A.R.S. section 36–533.

A hearing was held on the petition on August 21, 1995, at which time the superior court heard from Dr. Giesecke and Dan Conrad, M.D., the two evaluating physicians, from K.B.'s family and from K.B. herself. At the conclusion of the hearing, the court found K.B. to suffer from a "schizoaffective disorder" which rendered her "acutely and persistently disabled" and in need of involuntary treatment. It then ordered K.B. to undergo inpatient treatment at The Guidance Center until either she was no longer acutely and persistently disabled or at the end of 180 days. K.B. timely appealed.

### DISCUSSION

On appeal, K.B. challenges the sufficiency of the evidence presented at the court-ordered treatment hearing, the court-ordered treatment itself as an arbitrary, predetermined sanction, and the lack of statutory notice afforded her before the court's determination that she was a "danger to herself."

---

1. Initials are used to ensure privacy for the appellant.

From our review of the record, however, we need not reach these issues because the record reveals violations of A.R.S. sections 36–533 and 36–536, which independently mandate that we vacate the order for treatment.

■ Section 36–533 unambiguously sets forth the requirements for a petition for court-ordered treatment. In relevant part, the section provides:

B. *The petition shall be accompanied by the affidavits of the two physicians who conducted examinations* during the evaluation period and by the affidavit of the applicant of the evaluation, if any. The *affidavits of the physicians* shall describe in detail the behavior which indicates that the person, as a result of mental disorder, a danger to self or to others, is persistently or acutely disabled or is gravely disabled and shall be based upon the physician's examination of the patient and his study of information about the patient. A summary of the facts which support the allegations of the petition shall be included. [Emphasis added.]

Completely missing from the petition for court-ordered treatment in this case are the affidavits of the examining physicians. Although the comprehensive evaluations of Drs. Giesecke and Conrad are included and satisfy the requirements contained in the final sentence of subsection (B), they do not satisfy the affidavit requirement. Given the liberty interests implicated in a court-ordered treatment proceeding, a more liberal reading of section 36–533 is precluded. *Cf. Matter of Alleged Mentally Disordered Person, Coconino County No. MH 1425*, 181 Ariz. 290, 293, 889 P.2d 1088, 1091 (1995) ("Because [involuntary-treatment] proceedings may result in a serious deprivation of liberty, however, the statutory requirements must be strictly adhered to.").

■ Section 36–536, which sets forth the notice requirements for the court-ordered treatment hearing, is equally unambiguous:

A. *At least seventy-two hours before the court conducts the hearing on the petition for court-ordered treatment*, a copy of the petition and affidavits in support thereof and *the notice of the hearing shall be served upon the patient,* who shall be informed of the purpose of the hearing and shall be advised of his right to consult counsel. If the patient has not employed counsel, counsel shall be appointed by the court at least three days before the hearing. If at the time of the petition for evaluation, the patient had counsel, the same attorney should, if possible, be appointed to represent the patient at the hearing for court-ordered treatment.

B. *The notice provisions of this section cannot be waived.* [Emphasis added.]

The hearing in this case was held on August 21, 1995. However, the record shows that K.B. was served with notice of this hearing on that same date. Section 36–536(A) required that K.B. be given a minimum of three days notice, not the nearly three hours notice she actually received. Strict compliance with the notice requirement, again read in the context of the liberty interest at stake, is confirmed by the fact that the notice provisions cannot be waived.

*CONCLUSION*

The requirements of sections 36–533 and 36–536, indeed most of the provisions of Title 36, are set forth with precision and clarity. When the legislature has spoken with such explicit direction, our duty is clear. The order for treatment is vacated.

GRANT, P.J., and NOYES, J., concur.