150 P.3d 1267

**In re MH 2006–000023.**

**No. 1 CA–MH 06–0004.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 30, 2007.

---

12. The Honorable Margaret H. Downie, Judge of the Maricopa County Superior Court, was authorized by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this appeal pursuant to the Arizona Constitution, Article 6, Section 3, and A.R.S. § 12–145 to –147 (2003).

County Attorney, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender, by Tennie B. Martin, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

EHRLICH, Judge.

¶ 1 J.B.[1] appeals from the trial court's finding that she requires involuntary treatment for her mental disorder. For the following reasons, we vacate the court's order because J.B. was not provided with timely notice of the hearing as required by statute.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 On January 5, 2006, a doctor petitioned for a court-ordered evaluation of J.B. pursuant to Arizona Revised Statutes ("A.R.S.") section 36–523 (2003). The following day, the trial court issued a detention order for evaluation and notice, and appointed counsel for J.B. A.R.S. § 36–529(A) (2003). The order was served on J.B. on January 17, and, three days later, another doctor petitioned for court-ordered treatment of J.B. pursuant to A.R.S. § 36–533 (2003).

¶ 3 On January 24, the trial court issued a detention order for treatment and notice of hearing on the petition for treatment. A.R.S. § 36–535(A) (2003). The hearing was set for fewer than 48 hours later, January 26 at 9:00 a.m. See A.R.S. § 36–535(B) (2003).

¶ 4 The petition, order and notice were served on J.B. at 3:20 p.m. on January 24. The hearing began at 9:14 a.m. on January 26, A.R.S. § 36–539 (2003), approximately 42 hours after J.B. had received notice.

¶ 5 At the hearing, J.B. was present and represented by counsel. See A.R.S. § 36–537 (2003). There was no objection to the timing of the hearing. Rather, at the outset of the

Andrew P. Thomas, Maricopa County Attorney, by Michelle N. D'Andrea, Deputy

1. Initials are used to ensure privacy for the appellant.

review, J.B.'s counsel stated: "We're ready to proceed, Your Honor."

¶ 6 At the close of the hearing, the trial court found that J.B. suffered "from a mental disorder and, as a result, is persistently or acutely disabled, is in need of treatment and is either unwilling or unable to accept voluntary treatment." The court ordered her to "undergo combined inpatient/outpatient treatment," A.R.S. § 36–540 (2003), and J.B. appealed.

## DISCUSSION

¶ 7 On appeal, J.B. complains for the first time that she was not provided with notice at least 72 hours before the hearing as required by A.R.S. § 36–536(A) (2003), and she asks that, as a consequence, the trial court's order be vacated. The State agrees that the time for notice was less than the 72 hours required by statute, but it contends that, because J.B. failed to object to the timing of the hearing before now and suggests no prejudice from the lapse, she has waived the issue on appeal. This presents a matter of statutory interpretation that we review *de novo*. *In re Maricopa County Superior Court No. MH 2001–001139*, 203 Ariz. 351, 353 ¶ 8, 54 P.3d 380, 382 (App. 2002).

¶ 8 Section 36–536(A), A.R.S., states that "[a]t least seventy-two hours before the court conducts the hearing on the petition for court-ordered treatment, a copy of the petition and affidavits in support thereof and the notice of the hearing shall be served upon the patient." The statute also declares that "[t]he notice provisions of this section cannot be waived." A.R.S. § 36–536(B). As a matter of judicial economy, however, as a general rule, an appellate court declines to review an issue not presented first to the trial parties and court for consideration and remedy as is appropriate. As the Arizona Supreme Court has written, "[b]ecause a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent ex-

traordinary circumstances, errors not raised in the trial court cannot be raised on appeal." *Trantor v. Fredrikson*, 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994) (citations omitted). Therefore, the question before us is whether the statutory prohibition against a waiver of the 72 hours' pre-hearing notice in A.R.S. § 36–536(B) applies to the hearing alone or may be saved in silence as an issue pending the disposition of the hearing for possible appellate proceedings and per se reversible error.

¶ 9 J.B. contends that the disposition of her case is controlled by *In re Coconino County Mental Health No. MH 95–0074*, 186 Ariz. 138, 920 P.2d 18 (App.1996). In *MH 95–0074*, K.B. received notice three hours before the hearing. She attended the hearing, and the trial court ordered her to undergo treatment. There is no mention in the opinion whether K.B. objected to the shortened notice because we concluded that, since the petition seeking her treatment complied with neither the statutory form nor the statutory time requirements of A.R.S. §§ 36–533 and 36–536, the trial court's order had to be vacated. Id. at 139, 920 P.2d at 19. We observed, though, that, "[g]iven the liberty interests implicated in a court-ordered treatment proceeding, a more liberal reading" of the statutes at issue was "precluded," *id.* (citing *Matter of Commitment of Alleged Mentally Disordered Person, Coconino County No. MH 1425*, 181 Ariz. 290, 293, 889 P.2d 1088, 1091 (1995)), and added that "[s]trict compliance with the notice requirement" is required as "is confirmed by the fact that the notice provisions cannot be waived." *Id.*

¶ 10 Involuntary treatment by court order is "a serious deprivation of liberty," *Coconino County No. MH 1425*, 181 Ariz. at 293, 889 P.2d at 1091, and proceedings that may result in such restraint must provide the prospective patient with appropriate due-process protection. *In re Maricopa County Cause No. MH–90–00566*, 173 Ariz. 177, 182, 840 P.2d 1042, 1047 (App.1992). "Due process requires notice and an opportunity to be

heard at a meaningful time and in a meaningful manner," *Huck v. Haralambie,* 122 Ariz. 63, 65, 593 P.2d 286, 288 (1979), and A.R.S. § 36–536 is addressed to those personal interests in no uncertain terms. To that end, the plain purpose of the 72–hour notice is to guarantee the prospective patient and her counsel with a length of time that the Arizona Legislature has deemed minimally sufficient to prepare for the hearing.

¶ 11 Despite this clear statutory directive, the trial court did not give and J.B. did not receive notice at least 72 hours before the hearing but 30 hours' fewer. Although she does not identify on appeal any actual prejudice as a result of the abbreviated time, there is prejudice inherent in the fact of the shortened notice. "Strict compliance" with the simple requirement of 72 hours' pre-hearing notice is an absolute statutory duty imposed on behalf of the individual who is the subject of the hearing, on her counsel, on the State because it is seeking treatment for an individual entrusted to its concern in this regard and on the court. Of course it would have been easier and better had the issue been resolved below with a continuance of at least thirty hours. Given the liberty interests at stake, however, this case presents one of "the extraordinary circumstances" in which an error not presented to the trial court may be presented to an appellate court in the first instance. Although the State complains of the opportunity for gamesmanship, the potential gambit of holding the issue in reserve as if the question of mental treatment were a jest and not a matter of health, may not trump the legislative mandate.

### CONCLUSION

¶ 12 We vacate the order for J.B.'s involuntary treatment.

CONCURRING: PATRICK IRVINE, Presiding Judge, and ANDREW W. GOULD, Judge Pro Tempore.[2]

---

**2.** The Honorable Andrew W. Gould, Judge of the Yuma County Superior Court, was assigned by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this matter pursuant to Arizona Constitution article 6, section 3.