189 P.3d 1111

**In re MH 2007–001264.**

**No. 1 CA–MH 07–0028.**

Court of Appeals of Arizona,
Division 1, Department A.

June 26, 2008.

Andrew P. Thomas, Maricopa County Attorney By Anne C. Longo, Deputy County Attorney, and Laurence G. Tinsley, Deputy County Attorney, County Counsel/Civil Division, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Edith M. Lucero, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

OROZCO, Judge.

¶ 1 Appellant (Patient) appeals from the trial court's August 8, 2007 order for involuntary treatment. For the following reasons, we reverse.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Dr. Raikhelkar filed a petition for court-ordered treatment of Patient pursuant to Arizona Revised Statutes (A.R.S.) section 36–533 (2003). A detention order was issued on July 24, 2007. Patient was detained at Desert Vista Hospital and a hearing set for August 1, 2007. When the hearing convened, Mr. Wolcott, counsel for Desert Vista Hospi-

tal,[1] informed the court that Patient was ill and had been transferred to Banner Hospital for surgery. Mr. Wolcott requested a seven day continuance "in the best interests of the patient and the public." Patient's counsel argued that the continuance be denied and asked the court to either dismiss the petition or allow Patient to be an outpatient from the facility "unless and until they can show when she can be returned into this process." Patient did not request that the hearing proceed in her absence. The court found "by clear and convincing evidence that the patient is, for medical reasons, unable to be present at the hearing, and the hearing cannot be conducted where she's currently located."[2] Therefore, it ordered the hearing continued for seven days.

¶ 3 Prior to the next hearing, Patient's counsel filed a motion to dismiss the petition because Patient had been in detention in excess of the six day statutory maximum pursuant to A.R.S. § 36–535(B)(2003). The motion was heard before the evidentiary hearing on the petition for involuntary treatment. After oral argument the court stated that although her argument was legally correct, the relief Patient was requesting would only delay the proceeding as both the hospital and Patient were ready to proceed with the hearing at that time. The court denied the motion to dismiss after "[h]aving considered the arguments and having reviewed the language of [A.R.S. § 36–539(C) (2003)], which grant[ed] the Court discretion regarding the motion to continue."

¶ 4 After the hearing, the court found Patient to be persistently or acutely disabled and ordered a combined inpatient and outpatient treatment program. This timely appeal followed. We have jurisdiction pursuant to A.R.S. § 36–546.01 (2003).

## DISCUSSION

■ ¶ 5 On appeal Patient asserts the trial court erred in granting the continuance and denying her motion to dismiss. We re-

view a grant of a continuance for an abuse of discretion. *In re Maricopa County Superior Court No. MH 2003–000240*, 206 Ariz. 367, 369, ¶ 10, 78 P.3d 1088, 1090 (App.2003). We review issues of statutory interpretation de novo. *In re Commitment of Jaramillo*, 217 Ariz. 460, 462, ¶ 5, 176 P.3d 28, 30 (App.2008).

■ ¶ 6 An individual subject to court-ordered treatment faces "a significant deprivation of liberty that requires due process protection." *In re Jesse M.*, 217 Ariz. 74, 77, ¶ 14, 170 P.3d 683, 686 (App.2007) (quoting *Addington v. Texas*, 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)). As such, the statutes pertaining to court-ordered treatment have been narrowly tailored by the legislature and must be strictly followed. *Matter of Commitment of Alleged Mentally Disordered Person, Coconino County No. MH 1425*, 181 Ariz. 290, 293, 889 P.2d 1088, 1091 (1995).

¶ 7 Once an individual is detained and a petition for court-ordered treatment is filed, A.R.S. § 36–535(B) provides that "[t]he court shall either release the proposed patient or order the hearing to be held within six days after the petition is filed." In this case, a hearing was scheduled for Patient within the statutory limit but Patient was unable to attend as she had been transferred to Banner Hospital and was awaiting surgery.

¶ 8 As authority to grant the continuance, the court relied on A.R.S. § 36–539(C) which provides:

> If the patient, for medical reasons, is unable to be present at the hearing and the hearing cannot be conducted where the patient is being treated or confined, the court shall require clear and convincing evidence that the patient is unable to be present at the hearing and upon such a finding may proceed with the hearing in the patient's absence.

¶ 9 When interpreting statutory provisions, we give the words of a statute their plain meanings and effect "unless an absurdity

---

1. On August 1, 2007, Petitioner's counsel announced he was counsel "for Desert Vista Hospital." At the August 8, 2007 hearing a Deputy County Attorney appeared on behalf of the Petitioner.

2. This finding is not contested on appeal.

would result." *MH 2003–000240*, 206 Ariz. at 369, ¶ 6, 78 P.3d at 1090. Statutes in *pari materia* are read together and harmonized whenever possible to avoid making any clause, sentence or word "superfluous, void, contradictory or insignificant." *State v. Johnson*, 171 Ariz. 39, 42, 827 P.2d 1134, 1137 (App.1992) (quoting *State v. Arthur*, 125 Ariz. 153, 155, 608 P.2d 90, 92 (App.1980)). We also "give meaning to each clause and consider the effects and consequences as well as the spirit and purpose of the law." *State v. Rodriguez*, 164 Ariz. 107, 112, 791 P.2d 633, 638 (1990).

¶ 10 The court under A.R.S. § 36–539(C) may proceed with a hearing in the patient's absence if the court finds by clear and convincing evidence that the patient is not available for medical reasons. However, A.R.S. § 36–539(C) does not allow the court the discretion to grant a continuance. This court has interpreted A.R.S. § 36–535(B) to "permit[ ] a continuance only on request of the patient." *MH 2003–000240*, 206 Ariz. at 369, ¶ 8, 78 P.3d at 1090.

¶ 11 Giving effect to the provisions in the statutes, a trial court confronted with a patient who for medical reasons is unable to attend the scheduled hearing has limited options. In that situation, the court must either hold the hearing in the patient's absence pursuant to A.R.S. § 36–539(C) or release the patient, pursuant to A.R.S. § 36–535(B). If the court determines that there is not clear and convincing evidence to support a finding that the patient is unable to be present, the court must hold the hearing in the requisite six day time period as required by A.R.S. § 36–535(B).

¶ 12 In this case, the trial court erred in granting the continuance and denying the motion to dismiss. In the absence of a continuance request from the patient, the court had only two alternatives: either hold the hearing in the patient's absence or release the patient.

¶ 13 When considering the motion to dismiss, the trial court considered the fact that dismissing the petition would only serve to delay the proceeding. While we might agree with the trial court that releasing the patient

would only delay the process and potentially detain the patient longer, the significant liberty interest at stake and specific statutes governing commitment matters preclude this consideration. *Coconino County No. MH 1425*, 181 Ariz. at 293, 889 P.2d at 1091. If after consideration of the potential delay the patient wishes to not proceed with the hearing and face a new petition, that is certainly within her prerogative.

¶ 14 The requirement of strict adherence to time constraints in court-ordered treatment statutes is evident in our jurisprudence. *In re MH 2006–000023*, 214 Ariz. 246, 249, ¶ 11, 150 P.3d 1267, 1270 (App.2007). In *MH 2006–000023*, a patient was afforded 42 hours notice of her scheduled hearing for court-ordered treatment. *Id.* at 247, ¶ 4, 150 P.3d at 1268. Section 36–536(A) (2003) requires a patient receive at least 72 hours notice of the hearing. This court vacated the patient's order for involuntary treatment. *MH 2006–000023*, 214 Ariz. at 249, ¶ 12, 150 P.3d at 1270. In so doing the court found:

> "Strict compliance" with the simple requirement of 72 hours' pre-hearing notice is an absolute statutory duty imposed on behalf of the individual who is the subject of the hearing, on her counsel, [and] on the State because it is seeking treatment for an individual entrusted to its concern in this regard and on the court.

*Id.* at ¶ 11.

¶ 15 In this case, the court did not comply with A.R.S. § 36–535(B) or 36–539(C) when the Patient was detained more than six days without a hearing.

### *Length of Patient's detention*

¶ 16 The State also contends that for purposes of A.R.S. § 36–535(B) Patient was not "detained" beyond the statutory six day maximum. This argument was not raised to the trial court and is therefore deemed waived. *Odom v. Farmers Ins. Co.*, 216 Ariz. 530, 535, ¶ 18, 169 P.3d 120, 125 (App.2007).

### CONCLUSION

¶ 17 For the aforementioned reasons we reverse the order for involuntary treatment.

CONCURRING: LAWRENCE F. WINTHROP and G. MURRAY SNOW, Judges.