NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:
$151,645.00 U.S. CURRENCY PLUS ANY ACCRUED INTEREST.

STATE OF ARIZONA, *Plaintiff/Appellee,*

*v.*

NICHOLAS CIFUNO, *Claimant/Appellant.*

No. 1 CA-CV 14-0715
FILED 2-25-2016

Appeal from the Superior Court in Coconino County
No. S0300CV201000456
The Honorable Jacqueline Hatch, Judge

**AFFIRMED**

COUNSEL

Law Office of Lee Phillips, P.C., Flagstaff
By Lee Phillips
*Counsel for Claimant/Appellant*

Coconino County Attorney's Office, Flagstaff
By David Rozema, Richard Vihel
*Counsel for Appellee*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

**W I N T H R O P**, Judge:

**¶1** Nicholas Cifuno appeals the trial court's order denying his motion for summary judgment and granting the State's motion for summary judgment to forfeit cash in the amount of $151,645.00 ("the Cash"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** In 2010, Officer Craft with the Arizona Department of Public Safety pulled Cifuno over on Interstate 40 for following too closely behind another vehicle and for suspicion of impairment. When asked for paperwork, Cifuno produced an out-of-state driver's license and an Avis car rental agreement; as directed, Cifuno then followed Officer Craft to the patrol car. The rental car agreement was in the name of Christian Laux; Cifuno was not listed in the agreement as a permissive driver. The agreement expressly provided that "no additional operators are authorized or permitted without Avis' prior written approval . . . ." Cifuno explained Laux had rented the car because he did not have good enough credit to rent it. After issuing a warning for the traffic violation and allowing Cifuno to return to the rental car, Officer Craft called Cifuno back and asked him more questions. In the meantime, more officers arrived at the scene. When Officer Craft asked Cifuno if he had any large amounts of money in the car, Cifuno replied no; Cifuno also refused to provide a consent to a search of the car or to allow Craft's drug detection dog to perform a sniff of the car. Officer Craft nevertheless searched Cifuno and walked the drug detection dog around the rental car. The dog positively alerted to the rear of the car. Officer Craft proceeded to search the car and inside found a duffel bag containing the Cash. Cifuno was arrested and the vehicle and its contents were seized.[1]

---

[1] Cifuno was later indicted for money laundering; however, following the filing of a defense motion to suppress, the State filed a motion to dismiss the criminal charges, which was granted by the court.

2

¶3        The State initiated this forfeiture action, seeking an order forfeiting the Cash to the State; Cifuno filed a claim to assert his interest in the Cash.  Later Cifuno filed motions to suppress evidence obtained by the State from the police search and seizure, alleging the search of the rental car and seizure of his person violated his Fourth-Amendment rights against unreasonable search and seizure.  The court denied the motions, *sua sponte* finding Cifuno lacked standing to challenge the search of the car because he had presented no evidence that he had permission from Laux to use the car.  After Cifuno was deposed, both parties filed motions for summary judgment;[2] the court denied Cifuno's motion but granted the State's motion on the grounds that Cifuno lacked standing to challenge the search and seizure as previously determined, and that Cifuno had failed to identify a genuine issue of fact concerning his ownership interest in the Cash.  Finding that the State had otherwise proven the other necessary elements, the trial court entered summary judgment for the State in a signed minute-entry order.

¶4        Cifuno timely appealed.  We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9; and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 12-2101(A)(1).[3]

**ANALYSIS**

¶5        On appeal, Cifuno contends the trial court erred in denying his motions to suppress and his motion for summary judgment, and in granting the State's motion for summary judgment.  We address these issues in order.

    *I.    Motions to Suppress*

¶6        In the proceedings below, Cifuno moved to suppress any evidence obtained by the State as a result of the police search and seizure, asserting the search of the rental car violated his Fourth-Amendment rights against unreasonable search and seizure.  In reviewing the trial court's decision on a motion to suppress evidence based on an alleged Fourth-Amendment violation, we defer to the trial court's factual findings, but

---

[2]        Cifuno's motion for summary judgment is not in the record on appeal.

[3]        We cite the current version of all applicable statutes unless revisions material to this decision have occurred since the relevant events.

review *de novo* mixed questions of law and fact and the trial court's legal conclusions. *State v. Teagle*, 217 Ariz. 17, 22, ¶ 19, 170 P.3d 266, 271 (App. 2007). Whether a defendant has standing to challenge a search or seizure is a mixed question of law and fact, and thus is reviewed *de novo*. *United States v. Sarkisian*, 197 F.3d 966, 986 (9th Cir. 1999).

¶7 Under the Fourth Amendment, no person shall be subjected to unreasonable searches or seizures. U.S. Const. Amend. IV. A person may challenge a search or seizure if the person has a reasonable expectation of privacy over the property that was searched or seized. *Raskas v. Illinois*, 439 U.S. 128, 144, 148 (1978).

### A. Standing to Challenge the Search of the Rental Car

¶8 On appeal, Cifuno argues the trial court erred in denying his motions to suppress because he had standing to challenge the search of the rental car. We disagree.

¶9 *United States v. Thomas*, 447 F.3d 1191 (9th Cir. 2006), is illustrative in analyzing the very issue before us whether a driver of a rental car who is not listed on the rental agreement has standing to challenge a police search of the car. *Id.* at 1193. In *Thomas*, the Washington state police were informed that a rental car would be used to transport illegal substances from California to Washington. *Id.* at 1193–94. The police installed a tracking device on the car and stopped it when it entered Washington; the police arrested the driver for an outstanding warrant, searched the car, and found controlled substances and $1200. *Id.* at 1194–95. The driver contended he had standing to challenge the search of the rental car although he was not formally authorized to drive the car as his name was not listed on the rental agreement. *Id.* at 1196. Under the Ninth Circuit's precedents, a person has standing to challenge a search if the person has a reasonable expectation of privacy concerning the property searched; the person has such expectation if the person has a possessory or ownership interest in the property. *Id.* at 1197. The Ninth Circuit held that, although in violation of the rental agreement, an unauthorized driver may have standing to challenge the search of the rental car, but only if the driver can show he received permission to use the rental car from the authorized renter, and thus had a recognizable possessory interest and a reasonable expectation of privacy in the car. *Id.* at 1198–99.

¶10 Applying the analysis in *Thomas,* we hold the trial court did not err in finding Cifuno failed to prove that he received permission from Laux to drive the car. At the hearing on the motion to suppress, the only

evidence Cifuno proffered was his statement to Officer Craft that Laux had rented the car for him because his credit history was not sufficient to allow him to rent the vehicle directly from Avis. We agree with the trial court this statement was not enough to show he had permission from Laux to use the rental car. Therefore, the trial court did not err in finding Cifuno lacked standing to challenge the search of the car. *See also State v. Mitchell*, 234 Ariz. 410, 415, ¶ 17, 323 P.3d 69, 74 (App. 2014) (finding the defendant has standing to challenge search of a vehicle if he has lawful possession of it).

**¶11** On appeal, Cifuno contends the lack of proof of permissive use was cured in the form of an affidavit from Laux, attached to a subsequent motion to reconsider, indicating that she had given Cifuno permission to use the rental vehicle. The trial court expressly declined to consider the newly-proffered affidavit, and denied the motion. The trial court was well within its discretion in that regard, and on appeal, we do not consider any such evidence not evaluated or relied upon by the trial court in ruling on the motion to suppress or the motion to reconsider. *See Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 57 n.1, ¶ 16, 156 P.3d 1157, 1162, n.1 (App. 2007) (stating we only consider evidence before the trial court when it was considering its initial ruling); *Cella Barr Assocs., Inc. v. Cohen*, 177 Ariz. 480, 487 n.1, 868 P.2d 1063, 1070 n.1 (App. 1994) (stating we only consider evidence presented to the trial court); *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4, 795 P.2d 827, 830 (App. 1990) (stating the appellate review is limited to the record before the trial court).

### B. Standing to Challenge the Seizure of the Cash

**¶12** On appeal, Cifuno also contends he nevertheless has standing to challenge the seizure of the Cash found in the rental car despite the court finding a lack of standing to challenge the search of the rental car. Cifuno never raised the issue below that the seizure of the Cash violated his Fourth-Amendment rights against unreasonable search and seizure, and thus his arguments on this issue raised for the first time on appeal are deemed waived. *See In re MH 2007-001264*, 218 Ariz. 538, 540, ¶ 16, 189 P.3d 1111, 1113 (App. 2008) (holding argument not raised to the trial court is deemed waived).

### II. Motions for Summary Judgment

**¶13** A ruling granting summary judgment is generally appealable, but the denial of summary judgment—except for purely legal issues—is generally not appealable. *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cty.*, 208 Ariz. 532, 539, ¶ 19, 96 P.3d 530, 537 (App. 2004). Because

Cifuno does not assert his motion for summary judgment contains only purely-legal issues, we decline to address the denial of his motion for summary judgment.

¶14 We review a trial court's grant of summary judgment on the basis of the record made in the trial court, but determine *de novo* whether the entry of summary judgment was proper. *Modular Mining Sys., Inc. v. Jigsaw Techs., Inc.*, 221 Ariz. 515, 518, ¶ 9, 212 P.3d 853, 856 (App. 2009). In determining whether the entry was proper, we apply the same standard the trial court uses in ruling on a summary judgment motion. *Id.*

*A. Standing to Contest in a Forfeiture Action*

¶15 On appeal, Cifuno contends he has standing to contest in this forfeiture action. Under A.R.S. § 13-4310(D), a person has standing to contest forfeiture proceedings if the person can establish by a preponderance of evidence that he is an owner or interest holder of the property that is subject to the forfeiture action:

> In any judicial forfeiture hearing, determination or other proceeding pursuant to this chapter [on forfeiture], the applicant, petitioner or claimant must establish by a preponderance of the evidence that he is an owner of or interest holder in the property seized for forfeiture before other evidence is taken. The burden of proving the standing of the claimant and the existence of the exemption is on the claimant or party raising the claim, and it is not necessary to negate the standing of any claimant or the existence of any exemption in any notice, application, complaint, information or indictment.

A.R.S. § 13-4310(D).

¶16 The standing to contest in a forfeiture action is different from that required to challenge a search or seizure under the Fourth Amendment. A person who lacks standing to challenge the search of a car may still have standing to challenge the seizure of the property found in the car if the person has a reasonable expectation of privacy over the seized property. *Raskas*, 439 U.S. at 148. Reasonable expectation of privacy can be shown by reference to property rights and societal understandings, but is not equivalent to property rights. *Minnesota v. Carter*, 525 U.S. 83, 88–89 (1998). Thus, the trial court erred in granting summary judgment for the State on the ground that Cifuno lacked standing to challenge the entire

6

forfeiture matter just because it had found Cifuno lacked standing to challenge the police search of the rental car.

### B. Granting Summary Judgment

¶17 The court also granted the State's motion for summary judgment on an alternative ground, i.e., that Cifuno failed to meet his burden proving he was the owner or interest holder of the Cash and the State had proven other elements of the forfeiture action. We agree with the trial court in this regard.

¶18 "The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *accord Orme School v. Reeves*, 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). The trial court may evaluate the evidence to some extent in ruling on a motion for summary judgment. *Orme School*, 166 Ariz. at 309, 802 P.2d at 1008. Summary judgment is proper, even if the opposing party has raised a scintilla of evidence or a slight doubt, when the evidence before the court was such that, if produced at trial, the trial judge would have been required to direct a verdict in favor of the moving party. *Id.* at 311, 802 P.2d at 1010. For example, "affidavits that contain inadmissible evidence, that are internally inconsistent, that tend to contradict the affiant's sworn testimony at deposition, and similar items of evidence may provide a 'scintilla' or create the 'slightest doubt' and still be insufficient to withstand a motion for summary judgment." *Id.* at 309, 802 P.2d at 1008.

¶19 In the present case, it is undisputed that the State had proven other elements of the forfeiture action. As it relates to Cifuno's burden to prove his ownership in the Cash, Cifuno did not proffer any evidence to demonstrate he was the owner or interest holder of the Cash, besides his own statement that he had "saved" the Cash from his net income over many years.[4] That assertion was inconsistent with the evidence in the record and his other statements during the traffic stop and his deposition. During the traffic stop, Cifuno denied transporting large amounts of money when asked by Officer Craft whether he had such; after the officer found the Cash

---

[4] Cifuno contends the State had admitted his ownership in the Cash by stating in the complaint of this forfeiture action that Cifuno is a person "known to claim an interest in the Defendant Property [the Cash]." We disagree. This allegation only shows the State acknowledged Cifuno had filed a claim to the Cash, not an admission or concession that Cifuno owned the Cash.

and asked Cifuno about it, Cifuno evaded that question. Also, Cifuno did not know the amount of money seized. At one point, Cifuno told the police the Cash was not his and he only wanted his own money — approximately $300 found on him — back. Lastly, based on his claimed income, saving up this much money would have been impossible. Therefore, while Cifuno's statements that he saved up the Cash may have raised a scintilla of doubt as to whether or not he owns any interest in the Cash, such scintilla of doubt does not rise to the level of a genuine issue of fact sufficient to defeat the State's motion. Based on the evidence on this record, no reasonable juror could conclude by a preponderance of the evidence that Cifuno is the owner or interest holder of the Cash. Therefore, the trial court properly found Cifuno failed to meet his burden and entered summary judgment for the State.

### III. Attorneys' Fees and Investigation Costs

¶20 The State requests — and Cifuno does not oppose — an award of attorneys' fees for the proceedings below and for this appeal, plus the costs and expenses of the investigation of Cifuno and the circumstances that resulted in this forfeiture action. Because the State is the prevailing party below and on appeal, and based upon the provisions of A.R.S. § 13-4314, we grant those requests, subject to compliance with ARCAP Rule 21. *See* A.R.S. § 13-4314(F) (requiring the court to order a claimant to pay the state costs and expenses of the investigation and prosecution of the forfeiture matter, including attorneys' fees, if the claimant fails to establish his interest is exempt from forfeiture); *Broemmer v. Abortion Servs. of Phoenix, Ltd.*, 173 Ariz. 148, 153, 840 P.2d 1013, 1018 (1992) (allowing the trial court to award the prevailing party attorneys' fees incurred at the trial court and appellate level).

## CONCLUSION

¶21 The trial court's ruling granting summary judgment for the State is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama