NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE MH 2017-006308

No. 1 CA-MH 18-0014
FILED 10-4-2018

Appeal from the Superior Court in Maricopa County
No. MH2017-006308
The Honorable Nicole M. Brickner, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Molly Bonsall Adrian, Aubrey Joy Corcoran
*Counsel for Appellee*

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge James B. Morse Jr. joined.

**T H U M M A**, Chief Judge:

**¶1**        Appellant challenges an order involuntarily committing him to the Arizona State Hospital (Hospital) for behavioral health treatment, after he had been found Guilty Except Insane (GEI). Because Appellant has shown no reversible error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In April 2016, Appellant was adjudicated GEI, placed under the jurisdiction of the Psychiatric Security Review Board (PSRB) and committed to the Hospital for 10.5 years. *See* Ariz. Rev. Stat. (A.R.S.) §§ 13-502(D), -3994(A)(2018).[1] In October 2017, the Hospital filed a petition for court-ordered treatment, alleging Appellant was "persistently or acutely disabled" and "unable or unwilling to accept treatment voluntarily." *See* A.R.S. § 36-540(A)(2) & (3). As required by A.R.S. § 36-533(B), the petition was supported by the affidavits of Drs. B. and C.

**¶3**        The court held an evidentiary hearing on the petition in early December 2017, after twice continuing the hearing: once so Appellant could obtain an independent medical evaluation and once because Appellant was unwell. Counsel stipulated to the admission of Dr. B.'s and Dr. C.'s affidavits, the medication affidavit and Dr. C.'s testimony as an expert. Dr. C., two Hospital staff members and Appellant testified.

**¶4**        During cross-examination, Dr. C. testified that Appellant was not given an opportunity to choose the second doctor and, instead, Dr. B. was simply assigned. Appellant's counsel then argued that the petition was deficient because A.R.S. § 36-501(12)(a)(i) ("The person against whom a petition has been filed shall be notified that the person may select one of the physicians.") had not been strictly followed. In response to the State's argument that Appellant "was given an opportunity for an independent evaluation," Appellant's counsel stated that opportunity satisfied another requirement, but that he had been denied "his right to be notified . . . for the original evaluation."

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶5          After supplemental briefing, the court granted the petition. Although noting that the State had not strictly complied with the statute, the court found that failure was harmless, adding that Appellant had received an independent evaluation. The court also found by clear and convincing evidence that Appellant was (1) persistently and acutely disabled, (2) in need of psychiatric treatment and (3) unwilling or unable to accept voluntary treatment. Finding no appropriate or available alternative, the court ordered Appellant to remain at the Hospital for inpatient treatment for no longer than 180 days, during which time the Hospital could administer medication involuntarily.

¶6          This court has jurisdiction over Appellant's timely appeal pursuant to A.R.S. §§ 36-546.01 and 12-2101(A)(10).

**DISCUSSION[2]**

¶7          Appellant argues the treatment order is improper because the State did not strictly comply with the notification provision of section 36-501(12)(a)(i). Although compliance with the statute is reviewed de novo, *In re MH2010-002348*, 228 Ariz. 441, 444 ¶ 7 (App. 2011), the facts underlying the order are viewed "in the light most favorable to upholding the superior court's judgment," *In re MH2015-003266*, 240 Ariz. 514, 515 ¶7 (App. 2016) (citation omitted). Absent an error of law, this court will not set aside a treatment order unless "it is clearly erroneous or unsupported by any credible evidence." *MH2010-002348*, 228 Ariz. at 444 ¶ 7 (citation omitted).

¶8          Appellant correctly argues that, in general, the statutes governing involuntary treatment — A.R.S. §§ 36-501 to -546.01 — require strict compliance, given that their application "result[s] in a significant deprivation of liberty." *Id.* The significant exception to this strict compliance requirement, however, is for proceedings involving individuals who have been adjudicated GEI.  *MH2010-002348*, 228 Ariz. at 447 ¶ 19.

¶9          The appellant in *MH2010-002348* had been adjudicated GEI and then challenged a subsequent order for involuntary treatment. 228 Ariz. at 443 ¶ 1. Among other things, he argued the State neither filed a petition for evaluation nor allowed him to choose one of his evaluating physicians as specified in section 36-501(12)(a)(i). *Id.* at 445 ¶ 13 & n.4. Accordingly, he argued the State "did not strictly comply with pre-petition

---

[2] Although the 180-day inpatient treatment period has expired, the court considers the merits of Appellant's arguments given the interests involved. *See In re MH2015-003266*, 240 Ariz. 514, 515 ¶ 6 (App. 2016).

procedures mandated for civil commitment proceedings." *Id.* at 445 ¶ 13. After analyzing the applicable law, and recognizing appellant was not allowed to choose one of the evaluating physicians, the court affirmed the commitment order. *Id.* at 447 ¶ 19. In doing so, the court concluded that the added layer of procedural protections involved in the GEI adjudication proceedings meant the generally-applicable "strict compliance" concepts did not apply to involuntary treatment proceedings involving an individual previously adjudicated GEI. *Id.* Stated differently, given the GEI adjudication, the court concluded that the hospital must "follow[] the petition for treatment format outlined in the civil commitment statutes but does not [need to] strictly comply with the pre-petition procedures." *Id.*; *accord In re MH2008-000028*, 221 Ariz. 277 (App. 2009) (determining that strict compliance with the statutory procedures for civil commitment is not required when a possible treatment order originates from a court's evaluation under Ariz. R. Crim. P. 11).

¶10 Appellant attempts to distinguish these cases because, factually, they addressed pre-petition procedures while, in this case, the Hospital "elected to proceed with a formal petition for court ordered *treatment . . .* [meaning] it was required to strictly comply with the statutes governing those petitions, including A.R.S. § 36-501(12)(a)(i)." This assertion suggests that section 36-501(12)(a)(i) is not always a pre-petition procedure. However, Appellant has not articulated — nor can the court identify — any distinguishing factor that would render section 36-501(12)(a)(i) a pre-petition procedure in *MH2010-002348*, but a substantive right requiring strict compliance here.

¶11 The appellant in *MH2010-002348* was adjudicated GEI almost three years before the hospital petitioned for court ordered treatment, and despite the State's failure to comply with section 36-501(12)(a)(i), the appellant received an independent medical evaluation. 228 Ariz. at 444 ¶ 3. Here, the Appellant was adjudicated GEI slightly more than a year before the Hospital filed its petition, and despite the State's failure to comply with section 36-501(12)(a)(i), Appellant received an independent medical evaluation. These similarities show that this case is governed by the same legal standards (including that strict compliance is not required given the GEI adjudication) set forth in *MH2010-002348*.

¶12 Simply put, "the State need not strictly comply with the civil commitment procedures for evaluation, as contrasted with treatment, when a person has been adjudicated GEI and is presently under the supervision of the PSRB." *MH2010-002348*, 228 Ariz. at 445 ¶ 13 n.4. Because Appellant has been adjudicated GEI, is presently under the supervision of the PSRB,

and did not allege non-compliance with any of the substantive statutes pertaining to court-ordered treatment, *see* A.R.S. §§ 36-533 to -544, he has shown no error.[3]

**CONCLUSION**

¶**13**      The order of commitment for involuntary treatment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3] Given this conclusion, which affirms the order on a different legal theory than adopted by the superior court, this court need not (and expressly does not) address that court's harmless error analysis. *See State v. Dugan*, 113 Ariz. 354, 356 (1976) (explaining judgment will be upheld if the correct legal decision was reached even if the reasoning was based on different grounds).