196 P.3d 819 (2008)
In re MH XXXX-XXXXXX.
No. 1 CA-MH 07-0023.
Court of Appeals of Arizona, Division 1, Department E.
April 8, 2008.
Review Denied October 28, 2008.
*820 James J. Haas, Maricopa County Public Defender, by Edith M. Lucero, Deputy Public Defender, Phoenix, Attorneys for Appellant.
Andrew P. Thomas, Maricopa County Attorney, by Bruce P. White, Deputy County Attorney and Anne C. Longo, Deputy County Attorney, Phoenix, Attorneys for Appellee.

OPINION
KESSLER, Presiding Judge.
¶ 1 Appellant, G.M., appeals the decision of the superior court finding him persistently or acutely disabled and ordering a combined program of inpatient and outpatient treatment. Appellant argues that he was denied his due process rights to a formal, contested hearing as required by Arizona Revised Statutes ("A.R.S.") section 36-539 (2003) when the superior court failed to make express findings that the waiver of his rights at such a hearing was voluntary, knowing and intelligent. We hold that, similar to a waiver of the right to be present at such a hearing and the waiver of a right to counsel, a superior court in conducting a hearing under section 36-539 ("539 hearing") must ensure from a colloquy with the patient or from the record itself that the patient has voluntarily, knowingly and intelligently waived his statutory right to present evidence and to subpoena, confront and cross-examine witnesses. Since the contested hearing did not occur here and the record as presented indicates, at a minimum, that Appellant may not have been competent to have voluntarily, knowingly and intelligently waived such rights, we remand for further proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL HISTORY
¶ 2 On July 23, 2007, a petition for a court-ordered inpatient evaluation of Appellant pursuant to A.R.S. § 36-523 (2003) was filed with the superior court. An application for an involuntary evaluation was also submitted at that time pursuant to A.R.S. § 36-520 (2003). See A.R.S. § 36-523(C). The basis for both the petition and application was the belief that Appellant had a mental disorder and, as a result of the disorder, Appellant was a danger to himself and persistently and acutely disabled. A.R.S. §§ 36-520(B)(4) and -523(A)(4). An application for an emergency admission evaluation was also filed the same day pursuant to A.R.S. § 36-524 (2003), alleging that Appellant was a danger to himself. See A.R.S. §§ 36-523(C) and -524(C)(1). Appellant was taken into custody for evaluation. See A.R.S. §§ 36-524(E) and -525 (2003). On July 25, 2007, the court appointed the Maricopa County Public Defender to represent Appellant. See A.R.S. §§ 36-528(D) and-535 (A).
¶ 3 On July 26, 2007, a petition for court-ordered treatment was filed by Dr. Marta Bunuel at Desert Vista Hospital ("Petitioner") stating that Appellant was persistently or acutely disabled and that court-ordered treatment alternatives consisted of combined inpatient and outpatient treatment. See A.R.S. §§ 36-533(A)(2) and -540(A)(2) (2003). Pursuant to section 36-533(B), affidavits from two examining physicians who evaluated Appellant were attached to the petition. One affidavit was from Dr. Maria Bailon and the other was from Dr. Payam Sadr, who was supervised by Dr. Lydia Torio, a supervising attending physician.
¶ 4 The 539 hearing was scheduled for August 2, 2007. See generally A.R.S. § 36-535(B) (2003) ("The court shall either release the proposed patient or order the hearing to be held within six days after the petition is filed".). At the scheduled time, Appellant was present and represented by counsel. Because both "acquaintance witnesses" were not present to testify and Petitioner's attorney was unable to say the witnesses would be available the next day, the superior court dismissed the petition. See A.R.S. § 36-539(B) *821 (evidence shall include testimony of two witnesses acquainted with patient at time of disorder and testimony of the two evaluating physicians). Twenty minutes later, it was brought to the court's attention that the two acquaintance witnesses were present in the court complex but in the wrong room. Although counsel for Appellant objected to reopening the matter, the court determined it would be appropriate to hold the hearing on the petition for court-ordered treatment because the acquaintance witnesses were available. Appellant was brought back before the court, at which time Petitioner's attorney informed the court that,
[t]he parties have agreed to submit to you the 72 hour medication affidavit and the contents of the Court's file, including the affidavits of the evaluating physicians in lieu of their testimony. And the patient is agreeing to waive the supporting testimony of the acquaintance witnesses that are present here today ... from Value Options. The parties agree that the witness statements in the Court's file will support a finding of persistently and acutely disabled.
Appellant's attorney then advised the court that,
given the fact that the Court has overruled the Respondent's objection to proceeding in reopening the case and given the fact that the two listed witnesses are present and available in the courtroom, [the client] and I have discussed the matter. He knows he has a right to have a hearing and given the fact that the witnesses are now here and present, we will waive his right to a hearing and agree to the terms as described by (indiscernible).
¶ 5 Although the documentary record contained affidavits from the two evaluating physicians and a supervisor of one of the physicians, only one affidavit was received from an acquaintance witness. The superior court then addressed Appellant stating,
I had an opportunity earlier today to review the legal file, and which includes the affidavits of the two doctors as well as the petition and I've also had a chance to take a look now at your medication affidavit, and based upon the matters that I've considered, I do find by clear and convincing evidence that you are suffering from a mental disorder and that as a result you are persistently or acutely disabled. I find that you've been either unable or unwilling to accept voluntary treatment and that you're in need of such treatment.
The court further found that there were no other available or appropriate alternatives other than court-ordered treatment. See A.R.S. § 36-533(A)(2). The court ordered that Appellant undergo combined inpatient/outpatient treatment not to exceed 365 days. See A.R.S. §§ 36-540(A)(2) and (D). Inpatient treatment was to be for at least 25 days but not to exceed 180 days. See A.R.S. § 36-540(F).
¶ 6 Appellant timely filed a notice of appeal. We have jurisdiction pursuant to A.R.S. §§ 12-2101 (2003) and 36-546.01 (2003).

DISCUSSION
¶ 7 Appellant argues that the superior court failed to meet the statutory requirements under A.R.S. §§ 36-539(B) and (C) and violated his due process rights by failing to make express findings that waiver of his right to a contested 539 hearing was knowing and intelligent. Appellant reasons that because the superior court must determine by clear and convincing evidence pursuant to A.R.S. § 36-539(C) that a patient has waived the right to appear at the hearing, it follows that the court must make a similar finding when a patient waives the right to the contested hearing altogether. Appellant argues that just as the waiver of the right to appear or a waiver of counsel in 539 hearings must be based on findings that the patient voluntarily, knowingly and intelligently waived such rights, the same is true of the "waiver" of the right to a contested 539 hearing.
¶ 8 Appellee[1] argues that although the "stipulation" to submit the matter to the superior court based upon the court's record was "phrased as a `waiver,' it was, in fact, a *822 formal stipulation on the record."[2] Appellee asserts that because A.R.S. § 36-539(B) does not preclude a stipulation by Appellant and his counsel, the stipulation is binding. As such, Appellee argues that Appellant's due process argument constitutes "invited error." Finally, Appellee argues that A.R.S. § 36-539(B) requires only the opportunity to confront the witnesses against Appellant and the opportunity to cross-examine adverse witnesses.[3]

Standard of Review
¶ 9 We review the application and interpretation of statutes as well as constitutional claims de novo because they are questions of law. In re Jesse M., 217 Ariz. 74, 76, ¶ 8, 170 P.3d 683, 685 (App.2007); In re MH XXXX-XXXXXX, 214 Ariz. 318, 321, ¶ 13, 152 P.3d 1201, 1204 (App.2007); Little v. All Phoenix South Community Mental Health Center, Inc., 186 Ariz. 97, 101, 919 P.2d 1368, 1372 (App.1995).

Failure to Preserve the Constitutional Issue
¶ 10 Appellee contends that because Appellant failed to object to the superior court about the requirements in A.R.S. § 36-539(B), the argument cannot be raised on appeal. We decide to exercise our discretion and address the due process issue.
¶ 11 "Constitutional arguments ... may be raised at any time, although it is within the court's discretion whether to consider them." Olson v. Walker, 162 Ariz. 174, 181, 781 P.2d 1015, 1022 (App.1989). Further, this Court does not have to apply waiver when justice requires, Liristis v. American Family Mut. Ins. Co., 204 Ariz. 140, 143, ¶ 11, 61 P.3d 22, 25 (App.2002), because the waiver rule is procedural rather than jurisdictional. Evenstad v. State, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App.1993) ("If application of a legal principle, even if not raised below, would dispose of an action on appeal and correctly explain the law, it is appropriate for us to consider the issue.") (citing Rubens v. Costello, 75 Ariz. 5, 9, 251 P.2d 306, 308 (1952)). Consideration of such an issue is especially true when, as here, it is a question of substantive law which the parties can fully present on appeal. Costello, 75 Ariz. at 8-9, 251 P.2d at 308.
¶ 12 Nor do we conclude that the stipulation below was invited error. If the patient himself had voluntarily, knowingly and intelligently stipulated to waive his right to a contested hearing and the court had then abided by the stipulation, this would be a different case. However, the effect of the stipulation is at issue because of the nature of the 539 hearing and the lack of any evidence on the record that Appellant voluntarily, knowingly and intelligently had agreed to waive his rights to a contested hearing. It is this constitutional issue which we must address.

Voluntary, Knowing, Intelligent Waiver of A.R.S. § 36-539 Hearing
¶ 13 Arizona courts have repeatedly recognized that civil commitment constitutes "`a serious deprivation of liberty.'" In re MH XXXX-XXXXXX, 214 Ariz. 246, 248, ¶ 10, 150 P.3d 1267, 1269 (App.2007) (quoting In re Coconino County No. MH 1425, 181 Ariz. 290, 293, 889 P.2d 1088, 1091 (1995)); see also Jesse M., 217 Ariz. at 76, ¶ 9, 170 P.3d at 685; MH XXXX-XXXXXX, 214 Ariz. at 320, ¶ 14, 152 P.3d at 1203. "`[T]he state must accord the proposed patient due process protection.'" MH XXXX-XXXXXX, 214 Ariz. at 321, ¶ 14, 152 *823 P.3d at 1204 (quoting In re Maricopa County No. MH 90-00566, 173 Ariz. 177, 182, 840 P.2d 1042, 1047 (App.1992)). Due process entitles a patient to a full and fair adversarial proceeding. MH XXXX-XXXXXX, 214 Ariz. at 321, ¶ 14, 152 P.3d at 1204 (citing Parham v. J.R., 442 U.S. 584, 627, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979) (Brennan, J., concurring in part and dissenting in part)). The requirements of the civil commitment statutes must be strictly applied. MH XXXX-XXXXXX, 214 Ariz. at 321, ¶ 16, 152 P.3d at 1204 (quoting Coconino County No. MH 1425, 181 Ariz. at 293, 889 P.2d at 1091).
¶ 14 A.R.S. § 36-539 sets forth the rights that must be afforded to a patient before being ordered to undergo involuntary treatment. Among other requirements the statute mandates that,
[T]he patient's attorney may subpoena and cross-examine witnesses and present evidence. The evidence presented by the petitioner or the patient shall include the testimony of two or more witnesses acquainted with the patient at the time of the alleged mental disorder and testimony of the two physicians who performed examinations in the evaluation of the patient.
A.R.S. § 36-539(B). Here, by expressly agreeing to submit the matter for decision upon the documentary record, Appellant's counsel effectively told the court Appellant was waiving his statutory rights to present evidence and subpoena, confront and cross-examine witnesses.[4]
¶ 15 As stated in MH XXXX-XXXXXX, "[t]he intended beneficiary of a statute generally may waive the statute's benefit." 214 Ariz. at 322, ¶ 18, 152 P.3d at 1205. Unlike the notice requirement in A.R.S. § 36-536, which the legislature explicitly stated cannot be waived, A.R.S. § 36-539 does not foreclose a patient's right to waive a contested 539 hearing. See In re Coconino County Mental Health No. MH 95-0074, 186 Ariz. 138, 139, 920 P.2d 18, 19 (App.1996) (notice requirement requires strict compliance and cannot be waived). Nor does A.R.S. § 36-539 preclude a patient's attorney from purporting to waive the statutory rights to present evidence and subpoena, confront and cross-examine witnesses.
¶ 16 However, the fact that a patient or the patient's attorney may waive these fundamental rights does not end the inquiry. "The general rule is that a waiver is not effective unless it is given voluntarily and intentionally." MH XXXX-XXXXXX, 214 Ariz. at 322, ¶ 20, 152 P.3d at 1205. While it has been recognized that "a civil commitment proceeding cannot `be equated to a criminal prosecution,' the standards in criminal cases have been examined to determine when waiver can occur." Jesse M., 217 Ariz. at 78, ¶ 19, 170 P.3d at 687 (internal quotations and citations omitted); see also id. at 79, ¶¶ 23-24, 170 P.3d at 688 (analogizing colloquy to waive right to counsel in competency hearing to colloquy of such waiver in criminal context when defendant was mentally ill but competent to stand trial) (citing and quoting State v. Evans, 125 Ariz. 401, 610 P.2d 35 (1980)).
¶ 17 This Court has not specifically addressed the issue of whether the waiver of the rights to present evidence and subpoena, confront and cross-examine witnesses at an evidentiary hearing mandated by A.R.S. § 36-539 must be voluntary, knowing and intelligent to comport with a patient's due process rights. Cf. In re MH XXXX-XXXXXX, 205 Ariz. 296, 301, ¶ 25, 69 P.3d 1017, 1022 (App.2003) (patient can waive attendance and cross-examination of physicians; constitutional issue not raised). However, this Court has previously determined that a patient's waiver of the right to be present at the hearing is ineffective absent an express finding that the waiver is voluntary, knowing and intelligent. MH XXXX-XXXXXX, 214 Ariz. at 324, ¶ 27, 152 P.3d at 1207. Similarly, this Court has determined that a patient may *824 waive the right to be represented by counsel and self-represent only if the superior court conducts an on-the-record discussion and makes specific factual findings to determine the waiver of counsel is voluntary, knowing and intelligent. Jesse M., 217 Ariz. at 80, ¶¶ 29-30, 170 P.3d at 689.
¶ 18 These cases interpreting the due process requirements necessary to protect a patient's constitutional rights are instructive and determine the requirements that must be afforded when the rights to present evidence and subpoena, confront and cross-examine witnesses at a 539 hearing are purportedly waived. In other words, like the waiver of counsel and like the waiver of the right to be present at the hearing, we hold that it is incumbent on the superior court to ascertain that a waiver of these rights is voluntarily, knowingly and intelligently made. The requirement for a voluntary, knowing and intelligent waiver of counsel and waiver of personal appearance would be hollow indeed if the patient then could waive the rights to present evidence and confront and cross-examine witnesses without knowingly and intelligently understanding what he was waiving.
¶ 19 The superior court must determine either through conducting a colloquy with the patient or by review of the record, that there is sufficient evidence to conclude that counsel's waiver on behalf of the patient was in fact voluntarily, knowingly and intelligently made by the patient. If the court cannot find that the patient voluntarily, knowingly and intelligently waived these rights, or in the event that the court finds that the patient is incapable of making a voluntary, knowing and intelligent waiver, the court must conduct the A.R.S. § 36-539 hearing and afford the patient the rights to subpoena witnesses, present evidence and confront and cross-examine witnesses statute.[5]
¶ 20 At oral argument, Appellee conceded that discretion to determine whether a patient has knowingly and intelligently waived the rights witnesses, present evidence and confront and cross-examine witnesses, and that in some cases the patient might not be capable of effectively waiving those rights. Appellee contends, however, that requiring a court to make such an inquiry in a 539 hearing could have the untoward consequence of also requiring such an inquiry in myriad other civil cases.
¶ 21 We reject Appellee's untoward consequence argument for two reasons. First, we are dealing only with a waiver of due process rights attendant to a contested evidentiary 539 hearing in which the ability of a patient to voluntarily, knowingly and intelligently waive rights is already suspect. Second, we have already held that a court must determine a patient's ability to waive rights to be present and to counsel at a 539 hearing and Appellee does not point to any application of those holdings to civil cases outside 539 hearings.
¶ 22 The importance of such a waiver and the rights to present evidence and to confront and cross-examine witnesses is underscored by the record in this case. First, the documentary record is relatively clear that Appellant's competency to knowingly and intelligently waive the hearing was seriously in question. Both evaluating doctors' affidavits opined that Appellant's severe mental disorder substantially impaired his capacity to make an informed decision regarding treatment. Dr. Bailon's affidavit stated that Appellant's "thought process was very slow and concrete. The patient appeared to be responding to internal stimulation during the evaluation and admitted to auditory hallucinations." The doctor also noted that "[Appellant's] memory was not assessed during the interview due to slow thought process and distractibility." Dr. Bailon also observed that the "patient presented with symptoms of psychosis [auditory hallucinations, disorganized thinking, and slow thought process]". Dr. Bailon opined that "[t]he patient has a mental illness that interferes with his ability to make decisions in his best interest". Finally *825 Dr. Bailon's affidavit stated that "[t]he patient has acute psychosis, which will interfere with his ability to understand and express an understanding of the advantages and disadvantages of accepting treatment." Similarly, Dr. Sadr stated in his affidavit that "[Appellant's] form of thinking was not reality based and he was delusional" and that "[Appellant's] attention is distracted." Dr. Sadr observed that Appellant "appears somewhat confused and he responds to questions in a non sensical manner." Dr. Sadr concluded that "[d]uring the interview he was overtly disorganized. His speech is somewhat unintelligible and tangential."
¶ 23 Second, some of the documentary evidence does not, on its face, appear to comply with the involuntary commitment statutes. Pursuant to A.R.S. § 36-539(B), the petitioner must present the testimony of two or more acquaintance witnesses and the testimony of "the two physicians who performed examinations in the evaluation of the patient." Pursuant to A.R.S. § 36-501(12)(a) (Supp.2007),[6] the evaluation must be done by two licensed physicians who are either qualified as psychiatrists or experienced in psychiatric matters. One of the evaluating physicians may be a psychiatric resident, but only if he or she is "in a training program approved by the American [M]edical [A]ssociation [AMA] or by the American [O]steopathic [A]ssociation [AOA] ... [and] is supervised in the examination and preparation of the affidavit and testimony in court by a qualified psychiatrist appointed to assist in his training[.]" A.R.S. § 36-501(12)(a). For these purposes, a psychiatrist is defined as a licensed physician "who has completed three years of graduate training in psychiatry in a program approved by [the AMA or the AOA]." A.R.S. § 36-501(38) (Supp.2007). Appellee filed a declaration by Dr. Lydia Torio, stating in pertinent part that she was either a medical or osteopathic physician and had supervised Dr. Sadr, one of the two physicians conducting the evaluation. Nothing in the record shows that Dr. Sadr was a resident in an AMA-or AOA-approved psychiatric residency program or that Dr. Torio was a psychiatrist as defined by section 35-501(38).[7] Thus, for all the superior court knew and this Court knows, the petition did not satisfy even the statutory requirements for involuntary commitment and treatment. See In re MH XXXX-XXXXXX, 207 Ariz. 224, 229-30, ¶¶ 24-26, 84 P.3d 489, 494-95 (App. 2004) (court would not infer qualifications of evaluating physician). A contested evidentiary hearing in which Appellant could have subpoenaed witnesses, presented evidence and confronted and cross-examined witnesses could have explored such possible deficiencies. See MH XXXX-XXXXXX, 205 Ariz. at 300-01, ¶¶ 19-22, 69 P.3d at 1021-22 (while patient can waive qualification of supervising psychiatrist, on general objection to scope of supervision, question of sufficiency of supervisor's affidavit required vacation of order for determination by trial court).
¶ 24 Third, as noted above, the documentary record as to acquaintance witnesses appears deficient. Only one acquaintance witness statement was submitted. See In re MH XXXX-XXXXXX, 203 Ariz. 351, 355, ¶ 22, 54 P.3d 380, 384 (App.2002) (evaluating physician may not be an acquaintance witness). Without a voluntary, knowing and intelligent waiver of the requirement for acquaintance witnesses, there would have to have been either a statement from or testimony of the second witness or an offer of proof or averment from the patient's counsel as to what that witness would testify for the court to determine whether treatment should have been ordered.
¶ 25 Despite Appellant's presence at the hearing, the superior court did not personally address Appellant to ascertain whether he understood and intended to waive his rights to present evidence and subpoena, confront and cross-examine witnesses. Our review of the record shows that there is at least a substantial question whether Appellant *826 would have been competent to make such a waiver.

CONCLUSION
¶ 26 For the foregoing reasons, we remand for a determination of whether Appellant's waiver of his rights to present evidence and subpoena, confront and cross-examine witnesses was voluntary, knowing and intelligent. If the superior court finds the waiver was not voluntary, knowing and intelligent, then a 539 hearing with those attendant rights must be held. Moreover, on remand, if such a sufficient waiver is found the court needs to assure itself that the statutorily-required evidentiary basis for treatment exists, whether it be by an offer of proof or a sworn statement by a second acquaintance witness and by the resident evaluating physician (concerning the residency).
CONCURRING: PATRICIA A. OROZCO and MAURICE PORTLEY, Judges.
NOTES
[1] The petitioner for court-ordered treatment in the superior court was Dr. Marta Bunuel of Desert Vista Hospital. On appeal, petitioner is represented by the Maricopa County Attorney.
[2] Although Appellee tries to distinguish "waiver" from "stipulation," such distinction is inconsequential in this case because of the constitutional issue raised on appeal and because counsel's stipulation effectively waived Appellant's right to a contested testimonial hearing provided for under A.R.S. § 36-539. Regardless of whether we view the representation to the court as a waiver or a stipulation, the issue remains whether the patient voluntarily, knowingly and intelligently understood and agreed with what appointed counsel was doing.
[3] Appellee's answering brief asserts that Appellant's counsel "interviewed the witnesses and was satisfied that they `would support a finding of persistently and acutely disabled.'" This assertion is not apparent from the record on appeal. See generally A.R.S. § 36-537(B)(3) (2003) (describing counsel's duty to interview petitioner and witnesses at least 24 hours in advance of the hearing).
[4] The superior court record included: 1) the list of medications that Appellant had been given in the 72 hours before the hearing; 2) the petition for court-ordered treatment accompanied by the two evaluating physicians' affidavits; 3) the notarized applications for involuntary evaluation and emergency admission filed by the Value Options UPC shift manager; and 4) the notarized petition for court-ordered evaluation completed by a case manager and signed by a deputy medical director. We consider the application for involuntary evaluation as the only acquaintance witness statement.
[5] We are not opining that this test would affect every decision made by counsel at the hearing, e.g., whether to cross-examine particular witnesses. Rather, we only address the issue before us  that it must be apparent from the record or from a discussion with the patient that waiving the rights attendant to a contested testimonial hearing were voluntarily, knowingly and intelligently made.
[6] We refer to the current language and enumeration of the statutes when the statutes have not been substantively changed from the version in existence at the time of the hearing in this case.
[7] Information concerning the nature of Dr. Torio's practice and residency, however, can be gleaned from the Arizona Medical Board's website. Arizona Medical Board, http://www.azmd. gov (last visited April 3, 2008).