229 P.3d 1012

**In re MH 2009–001264.**

**No. 1 CA–MH 09–0048.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 25, 2010.

Reconsideration Denied March 17, 2010.

As Corrected May 14, 2010.

Andrew P. Thomas, Maricopa County Attorney by Anne C. Longo, Deputy County Attorney, Victoria Mangiapane, Deputy County Attorney, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender by Tennie B. Martin, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## MEMORANDUM DECISION

WINTHROP, Judge.

¶ 1 Appellant seeks reversal of the superior court's order for involuntary mental health treatment. He argues that the superior court was required to engage in a colloquy with him personally to determine whether he knowingly, voluntarily, and intelligently waived his right to have the physicians who evaluated him testify in person. As support for his argument, he also contends that the evaluating physicians' credentials were not satisfactorily established. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Appellant suffers from paranoid schizophrenia, has had previous inpatient hospitalizations, and has resided in a group home for approximately the past two years. While traveling in a vehicle with others from the group home, Appellant suddenly jumped out of the vehicle and ran into oncoming traffic, requiring police officers to apprehend him. Appellant's history includes escalating aggression, disorganized thoughts, suicidal ideations, and threats to harm others. At the group home, Appellant refused medication, was verbally abusive, and believed others sought to kill him. He also lacked insight into his current symptoms and had refused voluntary outpatient treatment and assessment.

¶ 3 After the traffic incident, Appellant's case manager filed applications for Appellant's involuntary evaluation and emergency admission for evaluation; ultimately, a petition for court-ordered evaluation was filed.

The superior court ordered that Appellant be involuntarily detained, and he was evaluated by two physicians. Next, a petition for court-ordered treatment was filed, supported by the affidavits of the evaluating physicians, who recommended combined inpatient and outpatient treatment after concluding Appellant was a danger to self and others and persistently or acutely disabled. The superior court issued a detention order for treatment and notice, setting a hearing on the petition for court-ordered treatment.

¶ 4 At the hearing on the petition for court-ordered treatment, counsel for both parties stipulated to admit the two evaluating physicians' affidavits and the 72–hour medication affidavit in lieu of in-person testimony. When specifically asked by the superior court if that was the agreement, Appellant's counsel confirmed the stipulation. The court, however, did not engage in a colloquy with Appellant to determine whether he knowingly, voluntarily, and intelligently waived the physicians' in-person testimony. Two acquaintance witnesses then testified in support of the petition and were cross-examined. Appellant testified against the petition, and counsel for both sides made closing arguments to the court.

¶ 5 At the conclusion of the hearing, the superior court found, by clear and convincing evidence, that Appellant was suffering from a mental disorder and, as a result, was a danger to self, persistently or acutely disabled, and in need of psychiatric treatment. The court ordered a combination of inpatient and outpatient treatment for a period not to exceed 365 days, with the period of inpatient treatment not to exceed 180 days.

¶ 6 Appellant filed a timely notice of appeal from the treatment order.[1] We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–2101(K) (2003) and 36–546.01 (2009).[2]

---

1. In his notice of appeal, Appellant purports to invoke Rule 29, ARCAP. A party seeking to file an accelerated appeal must follow the proper procedure, however, and Appellant has not done so. After an appeal is at issue, a party seeking an accelerated appeal must file a proper motion with this court, see Rule 29(a)(2), or if both parties seek an accelerated appeal, they may file with this court a proper stipulation. See ARCAP (a)(1).

2. Although Appellant appeals from a treatment order that may no longer be in effect, given the interests at stake, we conclude that his appeal is still subject to review. See In re MH 2007–001236, 220 Ariz. 160, 165 n. 3, ¶ 12, 204 P.3d 418, 423 n. 3 (App.2008); In re MH 2005–

## ANALYSIS

### I. Admission of the Physicians' Affidavits

■ ¶ 7 Framing the issue as one of constitutional due process, Appellant asserts that the superior court was required to engage in a colloquy with him personally to determine whether he knowingly, voluntarily, and intelligently agreed to the stipulation of the physicians' affidavits in lieu of their in-person testimony. We generally review constitutional and statutory claims *de novo*. *In re MH 2007–001275*, 219 Ariz. 216, 219, ¶ 9, 196 P.3d 819, 822 (App.2008). Appellant failed to raise his argument in the superior court, however, "and we generally do not consider issues, even constitutional issues, raised for the first time on appeal." *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13, 13 P.3d 763, 768 (App.2000) (citation omitted).

■ ¶ 8 Additionally, Appellant invited the alleged error in jointly moving or stipulating the physicians' affidavits into evidence. "By the rule of invited error, one who deliberately leads the court to take certain action may not upon appeal assign that action as error." *Schlecht v. Schiel*, 76 Ariz. 214, 220, 262 P.2d 252, 256 (1953); *accord State v. Armstrong*, 208 Ariz. 345, 357 n. 7, ¶ 59, 93 P.3d 1061, 1073 n. 7 (2004) (stating that the invited error doctrine exists to prevent a party from injecting error into the record and then profiting from that error on appeal).

¶ 9 Further, even assuming *arguendo* that we *were* to consider Appellant's claim, we would find no error. Appellant relies almost entirely on a footnote in which we stated, in *dictum*, that, "[b]efore accepting a stipulation to the admission of the physicians' affidavits in lieu of testimony, the court *should* ascertain that the patient has voluntarily, knowingly and intelligently waived her statutory right to have the physicians testify." *In re MH 2008–001752*, 222 Ariz. 225, 213 P.3d 374[3] (emphasis added), *withdrawn and amended by* 222 Ariz. 567, 218 P.3d 1024 (App.2009).[4] The footnote cited *MH 2007–001275*, a case in which the patient waived the *entire adversarial hearing* by stipulating to the contents of the court's file, including the physicians' affidavits and witness's statements, and agreeing that the witness's statements "will support a finding of persistently and acutely disabled." 219 Ariz. at 217–18, ¶ 4, 196 P.3d at 820–21. We remanded for the superior court to determine whether "counsel's waiver on behalf of the patient was in fact voluntarily, knowingly and intelligently made by the patient"; if it was not, we required the court to "conduct *the A.R.S. § 36–539 hearing* and afford the patient the rights to subpoena witnesses, present evidence and confront and cross-examine witnesses." *Id.* at 221, ¶ 19, 196 P.3d at 824 (emphasis added). We further explained as follows:

> We are not opining that this test would affect every decision made by counsel at the hearing, e.g., whether to cross-examine particular witnesses. Rather, we only address the issue before us—that it must be apparent from the record or from a discussion with the patient that waiving the rights attendant to a contested testimonial hearing were voluntarily, knowingly and intelligently made.

*Id.* at n. 5.

¶ 10 In this case, the superior court held a hearing at which Appellant presented testimony and cross-examined witnesses. The only right he waived was to confront and

001290, 213 Ariz. 442, 443, ¶ 7, 142 P.3d 1255, 1256 (App.2006).

3. *See also* 222 Ariz. 225, 213 P.3d 374 (2009).

4. Petitioner notes that the legislature amended A.R.S. § 36–539(B) (Supp.2009), effective September 30, 2009, to expressly allow parties to stipulate to the admission of evaluating physicians' affidavits. *See* 2009 Ariz. Sess. Laws, ch. 153, § 7 (1st Reg.Sess.). Amendments to A.R.S. § 36–537(D) (Supp.2009) allow an attorney to "enter stipulations on behalf of the patient" and, under A.R.S. § 36–537(B)(1), defense counsel is obligated to discuss with the patient "whether stipulations at the hearing are appropriate." The opinion in *MH 2008–001752* was amended to reflect these changes and now states: "We note that to the extent recent legislative enactments have superseded *In re MH 2007–001275*, the case would not apply to matters arising after the effective date of the legislation." 222 Ariz. at 568 n. 1, ¶ 4, 218 P.3d at 1025 n. 1.

cross-examine two specific witnesses. Appellant's counsel had presumably reviewed the affidavits, interviewed the physicians and Appellant, and explained Appellant's rights to him. *See* A.R.S. § 36–537(B) (2009) (outlining the minimal duties of counsel before a hearing). Counsel was thus able to assess the effect of the evaluating physicians' testimony and determine whether they should appear in person.[5] *See Workman,* 123 Ariz. at 503, 600 P.2d at 1135 ("Courts distinguish between counsel failing to act because of ignorance of the facts or the law, and failing to act despite his knowledge of the facts or law. In the latter situation, counsel is presumed to have made an informed decision, even where the tactical advantage is not readily apparent to the appellate court." (internal citations omitted)).

¶ 11 This case is significantly different from other mental health cases in which we have required superior courts to expressly determine whether a patient knowingly, voluntarily, and intelligently waived certain rights. *See, e.g., MH 2007–001275,* 219 Ariz. at 219–21, ¶¶ 13–19, 196 P.3d at 822–24 (waiver of the A.R.S. § 36–539 hearing); *In re MH 2006–000749,* 214 Ariz. 318, 324, ¶ 27, 152 P.3d 1201, 1207 (App.2007) (waiver of the patient's right to be present at a hearing); *In re Jesse M.,* 217 Ariz. 74, 80, ¶ 30, 170 P.3d 683, 689 (App.2007) (waiver of the right to counsel). Here, we have a deliberate decision to forego the attendance and cross-examination of two evaluating physicians whose written testimony presented all statutorily required information via sworn affidavit.

## II. The Physicians' Qualifications

■ ¶ 12 As support for his primary argument, Appellant secondarily contends that Petitioner failed to satisfactorily establish the evaluating physicians' credentials. He claims that "[n]othing in the record demonstrates" the evaluating physicians were psychiatrists or licensed physicians. By statute, evaluating physicians must be

licensed physicians, who shall be qualified psychiatrists, if possible, or at least experienced in psychiatric matters.

A.R.S. 36–501(12)(a) (2009).

¶ 13 Appellant also failed to object on this basis in the superior court. "An objection to proffered testimony must be made either prior to or at the time it is given, and failure to do so constitutes a waiver." *Estate of Reinen v. N. Ariz. Orthopedics, Ltd.,* 198 Ariz. 283, 286, ¶ 9, 9 P.3d 314, 317 (2000).

¶ 14 Moreover, the record includes sufficient proof of the physicians' credentials. Each physician's affidavit is signed, dated, and "subscribed and sworn" before a notary public, states that the "affiant is a physician *and is experienced in psychiatric matters,*" and indicates that the physician is an "M.D." (Emphasis added.) Additionally, the pre-evaluation notification provided to Appellant, which is entitled "Notice of Right to Choose Evaluating Psychiatrist" and allowed Appellant to "select one of the physicians assigned to evaluate" him, lists both of Appellant's evaluating physicians as attending psychiatrists for patients at the Desert Vista Campus.

¶ 15 Appellant had ample opportunity to address any concerns he had about the physicians' qualifications before the hearing. *See, e.g.,* A.R.S. § 36–536(A) (2009) (requiring that the affidavits be served upon the patient at least seventy-two hours before the hearing); A.R.S. § 36–537(B)(4) (requiring counsel to interview the physicians at least twen-

---

5. Typically, whether and how to present and cross-examine witnesses is a question of trial strategy that is controlled by counsel and does not require a knowing, voluntary, and intelligent waiver by the client. *See State v. Lee,* 142 Ariz. 210, 215, 689 P.2d 153, 158 (1984) ("[T]he decision as to what witnesses to call is a tactical, strategic decision. Tactical decisions require the skill, training, and experience of the advocate. A criminal defendant, generally inexperienced in the workings of the adversarial process, may be unaware of the redeeming or devastating effect a proffered witness can have on his or her case."

(internal citations omitted)); *State v. Rodriguez,* 126 Ariz. 28, 33, 612 P.2d 484, 489 (1980) ("[T]he power to control trial strategy belongs to counsel." (citations omitted)); *State v. Workman,* 123 Ariz. 501, 502–03, 600 P.2d 1133, 1134–35 (1979) (finding an attorney's decision whether to call a witness a tactical decision the court was reluctant to second-guess); *Wilson v. Gray,* 345 F.2d 282, 286–87 (9th Cir.1965) (holding that a waiver of the right to cross examination and confrontation "may be accomplished by the accused's counsel as a matter of trial tactics or strategy." (citations omitted)).

ty-four hours before the hearing). If he had lingering concerns, he could have voiced them at the hearing. An objection would have given Petitioner an opportunity to address any legitimate foundational issues on the record. *See generally Estate of Reinen*, 198 Ariz. at 286, ¶ 9, 9 P.3d at 317 ("[A] contemporaneous objection also affords the party offering the evidence an opportunity to supply any missing foundation.").

## CONCLUSION

¶ 16 For the foregoing reasons, we affirm the superior court's involuntary commitment order.

CONCURRING: MAURICE PORTLEY, Presiding Judge and MARGARET H. DOWNIE, Judge.