NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE MH2014-003019

No. 1 CA-MH 14-0083
FILED 6-10-2015

Appeal from the Superior Court in Maricopa County
No. MH2014-003019
The Honorable Susan G. White, Judge *Pro Tempore*

**VACATED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Anne H. Phillips
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Anne C. Longo and Bruce P. White
*Counsel for Appellee/Petitioner*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

---

**K E S S L E R**, Judge:

¶1          Appellant appeals the trial court's September 18, 2014 order compelling him to undergo involuntary inpatient and outpatient mental health treatment.  For the following reasons, we vacate the court's order.

## FACTUAL AND PROCEDURAL HISTORY

¶2          On September 10, 2014, a doctor petitioned for a court-ordered evaluation of Appellant pursuant to Arizona Revised Statutes ("A.R.S.") section 36-523 (Supp. 2014).[1]  The next day, the trial court issued a detention order for evaluation and notice, which was served on Appellant. The evaluating doctors petitioned the court for court-ordered treatment of Appellant pursuant to A.R.S. § 36-533 (Supp. 2014).

¶3          On September 15, the trial court issued a detention order for treatment and notice of hearing pursuant to A.R.S. § 36-535 (Supp. 2014).[2] Appellant was served with the petition, detention order, and notice of hearing on September 15 and counsel was appointed to represent Appellant.  The hearing was set for September 19.   At a hearing on September 18 where Appellant was not present counsel for both parties stipulated to accelerate the September 19 hearing to September 18.  At the accelerated hearing, Appellant's counsel waived Appellant's presence. When the court asked if Appellant's counsel was comfortable continuing without Appellant, rather than waiting to proceed on September 19, counsel stated he did not "believe that anything w[ould] change" because

---

[1] We cite to the current versions of statutes when no changes material to this decision have since occurred.  Although this section has recently been amended, the amendment is not material to this decision.  *See* 2015 Ariz. Sess. Laws, ch. 195, § 36-523 (1st Reg. Sess.).

[2] Although this section has recently been amended, the amendment is not material to this decision.  *See* 2015 Ariz. Sess. Laws, ch. 195, § 36-535 (1st Reg. Sess.).

Appellant's doctor had informed him that Appellant was in the safe and secure room.[3]

**¶4**     Without making further inquiries, the court proceeded with the hearing.  Counsel stipulated to the admission of the doctors' affidavits. Two witnesses, a behavioral technician and a psychiatric nurse employed by the facility where Appellant had been admitted, also testified at the hearing.  At the conclusion of the hearing, the court dismissed the allegation that Appellant was a danger to himself for insufficiency of the evidence, but found Appellant to be "persistently or acutely disabled as a result of a mental disorder" and unable or unwilling to accept voluntary treatment. The court ordered Appellant undergo combined inpatient and outpatient treatment.  *See* A.R.S. § 36-540 (Supp. 2014).

**¶5**     Appellant timely appealed the order.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A) (2003) and 36-546.01 (2009).

## DISCUSSION

**¶6**     Appellant argues the trial court's order for involuntary treatment must be vacated because:  (1) Appellant's due process rights were violated when his trial counsel waived his presence and the court failed to determine whether Appellant's waiver was voluntary, knowing, and intelligent; (2) Appellant's due process rights were violated when the court failed to inquire into alternative means by which Appellant could appear at the civil commitment hearing; (3) Appellant did not receive sufficient notice of the A.R.S. § 36-539 (Supp. 2014)[4] hearing, as required by A.R.S. § 36-536 (Supp. 2014); and (4) Appellant was denied effective assistance of counsel. "We review the application and interpretation of statutes as well as constitutional claims *de novo* because they are questions of law."  *In re MH 2007-001275*, 219 Ariz. 216, 219, ¶ 19, 196 P.3d 819, 822 (App. 2008), *superseded by statute on other grounds by* A.R.S. §§ 36-537 and -539.

**¶7**     Preliminarily, Petitioner contends that because Appellant failed to argue to the trial court that there was any issue regarding his counsel's waiver of his appearance or that the court should have explored alternative means by which he could attend the hearing, Appellant has

---

[3] Later testimony revealed doctors had placed Appellant in the safe and secure room as a result of an incident with a staff member that morning.

[4] Although this section has recently been amended, the amendment is not material to this decision.  *See* 2015 Ariz. Sess. Laws, ch. 75, § 36-539 (1st Reg. Sess.).

waived these arguments and cannot now raise them on appeal. However, constitutional arguments may be raised at any time and this Court has the discretion to decide whether to consider those arguments. *Olson v. Walker*, 162 Ariz. 174, 181, 781 P.2d 1015, 1022 (App. 1989). "Further, this Court does not have to apply waiver when justice requires, because the waiver rule is procedural rather than jurisdictional." *MH 2007-001275*, 219 Ariz. at 219, ¶ 11, 196 P.3d at 822 (internal citation omitted). It is unrealistic to think the same counsel who agreed to accelerate the hearing and waived Appellant's appearance would either object to proceeding in such fashion or argue that the court accepting such stipulations was committing error. Under these circumstances, and in an exercise of our discretion, we will address these due process issues.

¶8        Court ordered involuntary treatment constitutes "a serious deprivation of liberty" which requires the State to afford a patient with due process protections. *Id.* at ¶ 13; *In re MH 2006-000749*, 214 Ariz. 318, 321, ¶ 14, 152 P.3d 1201,1204 (App. 2007); *see also In re MH-2008-000867*, 225 Ariz. 178, 180, ¶ 4, 236 P.3d 405, 407 (2010) (stating civil commitment is "a massive curtailment of liberty" and requires due process protection) (internal quotations marks and citation omitted). In determining whether appropriate due process protections have been provided for a patient during proceedings such as this, the Arizona Supreme Court has looked to the test set out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1973). *MH-2008-000867*, 225 Ariz. at 181, ¶¶ 9-10, 236 P.3d at 408. *Mathews* identifies three factors to be weighed in considering whether due process has been appropriately provided:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335. "Similarly, in determining whether civil mental health commitment proceedings afford basic Fourteenth Amendment due process, we must balance the liberty interests of the patient against the various interests of the state, and consider whether the procedures used or proposed alternatives will likely lead to more reliable outcomes." *MH-2008-000867*, 225 Ariz. at 181, ¶ 10, 236 P.3d at 408.

I.      Voluntary, Knowing, and Intelligent Waiver of Presence at A.R.S. §
        36-539 Hearing

¶9          As applied to this case, under *Mathews*, Appellant was denied
basic due process when the A.R.S. § 36-539 evidentiary hearing proceeded
in his absence without a determination that Appellant voluntarily,
knowingly, and intelligently waived his right to attend the hearing.  As to
the first factor of *Mathews*, which requires the consideration of the private
interest affected, 424 U.S. at 335, involuntary treatment massively curtails
an individual's liberty. *In re MH2010-002637*, 228 Ariz. 74, 79, ¶ 18, 263 P.3d
82, 87 (App. 2011).  As such, procedural safeguards are needed to protect
the patient against erroneous orders for involuntary treatment.  *Id.*
Although the procedural protections in a civil commitment proceeding are
different than those required in a criminal proceeding, "[a]mong the
minimum procedural safeguards [against error] is the need to provide the
patient with a meaningful opportunity to be heard at the civil commitment
hearing." *Id.*  The patient's personal waiver of his presence at the hearing
after being informed of what he is waiving is a minimum procedural
safeguard.  Without such steps, a patient's presence could easily be
erroneously waived.

¶10         The second *Mathews* factor requires the consideration of "the
risk of an erroneous deprivation of such interest through the procedures
used, and the probable value . . . of additional or substitute procedural
safeguards." 424 U.S. 335.  Under the facts of this case, the risk of a patient's
presence being waived erroneously is much greater if a court fails to
determine that there is sufficient evidence to support that counsel's waiver
on behalf of the patient was voluntarily, knowingly, and intelligently
authorized by the patient.  Further, the patient, the patient's counsel, or
third parties may be examined on the record to ensure the waiver was
proper and to determine whether the patient was competent to waive his
right.  The imposition of such a duty is not excessive or overly burdensome.

¶11         Finally, as to the third factor set out in *Mathews*, which entails
the consideration of the government's interest, requiring the court to ensure
any waiver of presence by a patient is voluntary, knowing, and intelligent
is in the government's interest.  This is especially so given the strong public
policy to have the patient attend the civil commitment hearing, as
articulated in A.R.S. § 36-539.[5]  *Id.* at 80, ¶ 22, 263 P.3d at 88.  Further, the
government has no legitimate interest in precluding the court from making

---

[5] "The patient and the patient's counsel shall be present at all hearings . . .
."  A.R.S. § 36-539(B).

inquiries into the voluntary, knowing, and intelligent nature of such a waiver.

¶12        Petitioner argues that the 2009 amendment to A.R.S. § 36-539 supersedes Appellant's due process rights, permitting counsel to waive Appellant's presence, even without consulting Appellant. According to Petitioner, because A.R.S. § 36-539(B) was amended in 2009 and now states that "[t]he patient may choose to not attend the hearing or the patient's attorney may waive the patient's presence," no further inquiry by the court was necessary.

¶13        We disagree that the language used in A.R.S. § 36-539, without additional court inquiry, trumps Appellant's constitutional due process rights. Due process protections entitle "[a]n adult who is the subject of a proposed involuntary treatment order . . . to [a] full and fair adversary hearing[]." *MH 2006-000749*, 214 Ariz. at 321, ¶ 14, 152 P.3d at 1204 (internal quotations marks and citations omitted). As discussed above, part of that due process right is to be present at the hearing unless the patient voluntarily, knowingly, and intelligently waives that right. Section 36-539(B) requires that "[t]he patient and the patient's attorney shall be present at all hearings . . . ." It is generally accepted that intended beneficiaries of statutory protections may waive the benefit of the statute. *MH 2006-000749*, 214 Ariz. at 322, ¶ 18, 152 P.3d at 1205. Section 36-539(B) expressly allows for the patient to waive his right to be present at the hearing by choosing not to attend or for the patient's counsel to waive the patient's presence. However, this express statutory language does not negate the need for further court inquiry when a patient or a patient's counsel seeks to waive a fundamental right. The court must ensure that the waiver is voluntarily, knowingly, and intelligently made or that the patient is mentally incompetent to waive his presence. *See MH 2007-001275*, 219 Ariz. at 220, ¶ 16, 196 P.3d at 823.[6]

¶14        A court "may not presume that a patient who is absent from [his] involuntary treatment hearing has knowingly and intelligently waived [his] right to be present." *MH 2006-000749*, 214 Ariz. at 323, ¶ 24, 152 P.3d at 1206. The trial court must determine there is sufficient evidence to support "that counsel's waiver [of a due process right] on behalf of the patient was in fact voluntarily, knowingly and intelligently made by the

---

[6] The Arizona legislature's 2009 amendments of A.R.S. §§ 36-537 and -539 supersede *MH 2007-001275* only to the extent that the Court relied on these statutes. The amendments do not supersede the Court's analysis of a mental health patient's due process rights.

patient." *MH 2007-001275*, 219 Ariz. at 221, ¶ 19, 196 P.3d at 824. Specifically, the court is required to make this determination "either through conducting a colloquy with the patient or by review of the record." *Id.* The express language in A.R.S. § 36-539(B) allowing for a patient's counsel to waive a patient's presence does not supersede the patient's due process rights.

**¶15** This does not mean that in all cases the patient's presence may only be waived if the trial court personally examines the patient. The very nature of commitment hearings may involve a patient who is simply not mentally competent to waive presence or cannot be present in the court to waive them. When the court is presented with evidence that the patient is not competent to waive the right to presence from either the counsel who attempted to see if the client wanted to attend the hearing or third parties with knowledge of the patient's mental state at the time of the hearing, it can conclude that the waiver by counsel is valid or determine whether the patient can participate without being physically present.

**¶16** The court did not make such determinations here and the record does not contain the information required to make such determinations. The court made no inquiry into whether the waiver of Appellant's presence by Appellant's counsel was voluntarily, knowingly, and intelligently made by Appellant. Instead, Appellant's counsel conceded he never met with Appellant to determine if he wanted to waive his appearance or if he could competently waive his appearance. Nor did the court hear evidence about the Appellant's competence to waive attendance at the time of the hearing. Rather, the court simply relied upon a hearsay statement that Appellant was in restraints, apparently for pushing a staff member. This is insufficient to provide the basis for the findings required to comply with due process. Therefore, on these facts, the trial court erred in accepting Appellant's trial counsel's waiver of Appellant's presence.

II.     Alternative Means of Appearance

**¶17** Appellant also argues his due process rights were violated as a result of the trial court's failure to explore alternative means by which Appellant could attend the hearing. Petitioner contends that because Appellant's counsel waived Appellant's presence at the hearing, the court was not required to explore alternative means for Appellant to participate in the hearing. As previously discussed, however, the trial court erred in allowing Appellant's counsel to waive Appellant's presence. Although Petitioner attempts to distinguish this case from cases in which a court is

required to explore alternative means to allow a patient to participate, we do not find this case to be distinguishable. The record contains no evidence that Appellant's counsel knew Appellant did not wish to participate. In fact, there is no evidence on the record that Appellant's trial counsel even informed Appellant that the hearing was taking place on September 18. Further, although there is testimony that Appellant was in restraints, we will not assume, without further inquiry by the court, that an attempt to allow for Appellant's telephonic appearance at the hearing would have been futile as Petitioner suggests.

¶18        "When Appellant's trial counsel has not inquired into whether the patient desires to attend the hearing and whether electronic attendance is feasible . . . *Mathews* requires the court to at least consider alternative means of appearance when the patient cannot otherwise attend." *MH 2010-002637*, 228 Ariz. at 80, ¶ 23, 236 P.3d at 88. This independent duty imposed on the court is based on "considerations of the patient's substantial interest, the increased risk of error when a patient does not have the opportunity to be heard, the ease of providing the patient with an alternative means of attending the hearing, and the important government interest in having the patient attend the hearing." *Id.*

¶19        Although the record suggests that Appellant may have been unable to physically attend the hearing as a result of his medical condition and being restrained, the court made no inquiries into whether Appellant desired to attend the hearing or the existence of alternative means by which Appellant could appear at the hearing. The record lacks any evidence that Appellant's trial counsel spoke to Appellant about whether he desired to attend the hearing, or that Appellant would have been unable to appear by alternative means.

¶20        Consequently, because there is no evidence indicating that Appellant's counsel's waiver of Appellant's presence was voluntarily, knowingly, and intelligently made by Appellant, that Appellant was incompetent to make such a waiver, or that Appellant was unable to appear at the hearing by alternative means, the order for involuntary treatment must be vacated.

**CONCLUSION**

**¶21**         For the foregoing reasons, we vacate the trial court's order for Appellant's involuntary treatment.[7]



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[7] Because our decision regarding waiver of presence and alternative means of attending the hearing requires vacating the civil commitment order, we do not address Appellant's other arguments.